UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORA SANDOVAL, | Case No. CV 25-7218 PVC |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| GENERAL MOTORS LLC, | |
| Defendant. | |

## I.

## INTRODUCTION

In March 2025, Carlos Mora Sandoval filed a Complaint in Los Angeles County Superior Court against General Motors LLC, alleging breach of implied and express warranties under (1) the California Song-Beverly Consumer Warranty Act and (2) the federal Magnuson-Moss Warranty Act. (Dkt. No. 1-1). On August 5, 2025, Defendant filed a Notice of Removal, removing the action to federal court. ("Notice," Dkt. No. 1).

On August 29, 2025, Plaintiff filed a Motion to Remand (Dkt. No. 16), supported by the Declaration of Michelle Yang ("Yang Decl.," Dkt. No. 16-1) and accompanying

|  |  |
|---|---|
| 1 | exhibits.  On September 16, Defendant filed its Opposition.  (Dkt. No. 19).  On September |
| 2 | 23, Plaintiff filed a Reply in support of his Motion (Dkt. No. 20), supported by the |
| 3 | Declaration of Michelle Yang ("Yang Reply Decl.," Dkt No. 20-1).[1]  The Court held a |

exhibits. On September 16, Defendant filed its Opposition. (Dkt. No. 19). On September 23, Plaintiff filed a Reply in support of his Motion (Dkt. No. 20), supported by the Declaration of Michelle Yang ("Yang Reply Decl.," Dkt No. 20-1).[1] The Court held a hearing on October 28 (Dkt. No. 24), and on November 12, ordered supplemental briefing (Dkt. No. 25). Defendant filed its supplemental brief on November 19 ("Def. Supp.," Dkt. No. 26), and Plaintiff filed his on November 26 ("Pl. Supp.," Dkt. No. 27).

The parties have consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 5, 6). For the reasons stated below, the Motion to Remand is DENIED.

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff purchased a 2021 GMC Yukon XL ("Subject Vehicle") in April 2021. (Compl. ¶¶ 6, 9). Plaintiff alleges that the Subject Vehicle was defective and that Defendant failed to fulfill its warranty obligations. (*Id.* ¶¶ 12, 14). Plaintiff states five causes of action arising under the Song-Beverly Act (*id.* ¶¶ 8–33) and the Magnuson-Moss Warranty Act (MMWA) (*id.* ¶¶ 34–44). He seeks actual damages, civil penalties, consequential and incidental damages, costs and attorneys' fees, and prejudgment interest. (*Id.* at 9).

---

[1] On October 28, 2025, Defendant filed a Supplemental Brief (Dkt. No. 23) without prior authorization, see Local Rule 7-10, and will not be considered.

# III.

# DISCUSSION

Plaintiff moves to remand the action to state court, arguing that Defendant's removal was untimely and not substantively proper. (Mot. at 2).

### A. Legal Standards

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over matters authorized only by the Constitution and statute. *Royal Canin U.S.A., Inc. v. Wullschleger,* 604 U.S. 22, 26 (2025). There is a presumption that a district court lacks jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

A defendant may remove a state civil action to the federal district and division where the action is pending if the district court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* Removal is narrowly construed, and there is a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). The defendant "always has the burden of establishing that removal is proper," *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (citation omitted), and any ambiguities or

3

doubt as to an action's removability are resolved in favor of remand, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

If the action stated by the initial pleading is removable, a defendant must file the notice of removal within 30 days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). This "first pathway" applies where "the basis for removal is clear from the complaint." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). If "it is unclear from the complaint whether the case is removable," the pleading is "indeterminate," and the case is not removable at that stage. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005); *accord Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). When removability is not apparent from the face of the complaint or ascertainable from a subsequent paper, a defendant may remove a matter based on diversity jurisdiction outside of these two 30-day timelines, but within a year of commencement of the action. 28 U.S.C. § 1446(c); *see Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (observing § 1446(c) requires that "a notice of removal must be filed, in any event, within one year of the commencement of the action").

**B.      Analysis**

        **1.      Timeliness of Removal**

Plaintiff contends that removal was untimely because the Complaint asserts that he was a California resident and "Defendant had sufficient information to plausibly allege satisfaction of the jurisdictional threshold." (Mot. at 2). But diversity jurisdiction is

4

based on Plaintiff's *citizenship*, not his *residence*.  *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (parties' actual citizenship, not residency, determines diversity); *accord Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016).  And the Complaint does not allege the actual price paid or payable by Plaintiff for the Subject Vehicle or any information from which Defendant could estimate statutory offsets such as the mileage of the vehicle when presented for repair.  Thus, the amount in controversy on Plaintiff's Song-Beverly Act claims is indeterminate from the face of the Complaint, and the 30-day clock under the first pathway of removal does not apply.

Plaintiff contends, however, that "[g]iven its sophisticated knowledge of the motor vehicle industry, Defendant GM has, at a minimum, a rudimentary understanding or ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle; especially given that the make, model, year, and VIN, were included within the factual bases alleged within the Complaint."  (Mot. at 6).  To the contrary, the "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris*, 425 F.3d at 694; *accord Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) ("declin[ing] to hold that materials outside the complaint start the thirty-day clock").

In his Reply, Plaintiff argues for the first time that as part of the parties' prelitigation settlement discussions, "Plaintiff produced to Defendant a copy of the Subject Vehicles Sales Agreement and repair orders."  (Reply at 1) (emphasis omitted).  But arguments raised for the first time in a reply are waived.  *See, e.g.*, *Hoel v. Experian Info. Sols. Inc.*, No. 8:24-CV-00347-JLS-KES, 2024 WL 3628115, at *2 (C.D. Cal. Aug. 1, 2024).  In any event, the Ninth Circuit has rejected the "suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods."

1  *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) ("[W]e
2  conclude that any document received prior to receipt of the initial pleading cannot trigger
3  the second thirty-day removal period.").

5  Plaintiff additionally argues that because his complaint contains a federal cause of
6  action under the MMWA, federal question jurisdiction was clear from the complaint.
7  (Mot. at 4–5). The MMWA includes an amount in controversy threshold of $50,000. *See*
8  *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (citing 15 U.S.C.
9  § 2310(d)). Accordingly, federal jurisdiction for an MMWA claim "does not exist unless
10 the amount in controversy exceeds $50,000." *Id.* (citation omitted); *see Shoner v. Carrier*
11 *Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute,
12 federal courts do not have jurisdiction over an MMWA claim if the amount in controversy
13 is less than $50,000."). Here, the Complaint does not clearly assert the basis for damages
14 on the MMWA claim, and as discussed above, the Complaint is indeterminate as to any
15 values necessary to calculate an amount in controversy. Accordingly, inclusion of the
16 MMWA claim in the Complaint did not start a 30-day clock for removal.

### 2. Amount in Controversy[2]

20 Plaintiff vaguely contends that Defendant "failed to establish removal is
21 substantively proper." (Mot. at i; *see id.* at 7–8). But "a defendant's notice of removal

---

[2] The parties do not dispute that there is complete diversity. Based on its own investigation, Defendant asserts that Plaintiff is a California citizen. (Opp'n at 17; *see* Notice at 3). A limited liability company (LLC) such as Defendant is a citizen of each state in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen in the state in which it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Defendant is an LLC whose sole member is General Motors Holdings LLC. (Notice at 3). The sole member of General Motors Holding LLC is General Motors Company. (*Id.*). General Motors Company is incorporated in Delaware

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Under the Song-Beverly Act, a plaintiff may receive actual damages in the amount of "the actual price paid or payable by the buyer," offset by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). Actual damages are further offset by negative equity; noncash credits provided by the manufacturer; and the actual price of "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Code of Civ. Proc. § 871.27(b)–(d). A plaintiff may also be entitled to civil penalties if the defendant's violations were willful. Cal. Civ. Code § 1794(c). A civil penalty award may not exceed twice the amount of actual damages. *Id*.

The Notice plausibly alleges that the amount in controversy exceeds $75,000. After its preliminary investigation, Defendant estimated the Subject Vehicle's purchase price was $136,620.12. (Notice at 5). Defendant also estimated $16,872.86 in statutory deductions, yielding an estimate of actual damages of $119,747.26. (*Id.*). The Complaint also seeks civil penalties in the amount of twice Plaintiff's actual damages. (Compl. at 6). The Song-Beverly Act also allows recovery of attorneys' fees, which Defendant estimates at $5,000 to date. (Notice at 5–6). In sum, Defendant's investigation revealed a plausible basis for concluding that the amount in controversy exceeded the $75,000 threshold for diversity jurisdiction.

For the first time in his Reply, Plaintiff contends that Defendant failed to demonstrate that the amount in controversy exceeds the $75,000 threshold. (Reply at 4–6). If the plaintiff contests the defendant's jurisdictional allegation, "both sides submit

---

with a principal place of business in Michigan. (*Id.*). Thus, there is complete diversity of citizenship between the parties.

7

proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 574 U.S. at 88. "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "But assumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have some reasonable ground underlying them." *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted). While Plaintiff arguably waived this argument, as discussed above, the Court allowed supplemental briefing to develop this issue.

Here, Defendant has provided the purchase agreement, repair history, and loan payment history for the Subject Vehicle.[3] (Def. Supp. at 10 & Exs. A–C). Based on this information, Defendant applied a mileage offset, other deductible offsets, and estimated the remaining unpaid financing, which indicated actual damages reasonably estimated as $78,776.09. (*Id.* at 10). Plaintiff alleged willful violation of the Song-Beverly Act in his Complaint and seeks civil penalties twice actual damages. (Compl. at 6 & ¶¶ 17, 24, 28). This raises the reasonable amount in controversy to $236,328.27 without even considering attorneys' fees.

Plaintiff contends that mere allegations of willfulness are insufficient to place civil penalties in controversy. (Pl. Supp. at 3–7). The Court is mindful that some district courts require defendants to proffer evidence that a plaintiff will receive the maximum amount of civil penalties. *See, e.g., Gomez v. Nissan North America, Inc.*, No. 2:24-cv-09020-SVW, 2025 WL 26368, at *5–6 (C.D. Cal. Jan. 3, 2025) (declining to consider civil penalties because plaintiff's allegations of willfulness were conclusory). Nevertheless, "[m]any courts have included the maximum civil penalty available under

---

[3] Plaintiff inexplicably argues that Defendant failed to provide the purchase agreement, repair chronology, offset data, and pre-suit exchanges. (Pl. Supp. at 1).

8

the Song-Beverly Act as part of the amount in controversy, at least when the plaintiff alleges that the defendant acted willfully and requests the full penalty in the complaint." *Amavizca v. Nissan North America, Inc.*, No. ED CV 22-02256 JAK (KK), 2023 WL 3020489, at *6–8 (C.D. Cal. Apr. 19, 2023) (collecting cases).

Here, Plaintiff alleges that he is entitled to a civil penalty of two times Plaintiff's actual damages due to Defendant's willful conduct (Compl. at 6; *see id.* ¶¶ 17, 24, 28), and Defendant provides evidence that the Subject Vehicle was presented for repair at least five times (Def. Supp. at 15 & Ex. B). Although Plaintiff contends that Defendant's civil penalty assumption is unsupported, Plaintiff does not address his own allegations regarding willful conduct or Defendant's evidence regarding the number of times the vehicle was presented for repair. The Court finds that it is appropriate here to include the maximum amount of civil penalties in the calculation of the amount in controversy. The inclusion of civil penalties results in an amount in controversy that exceeds $75,000, without consideration of attorneys' fees and costs.

In sum, the Court finds that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

## IV.
## CONCLUSION

For the foregoing reasons, Sandoval's Motion to Remand is **DENIED**. The Court will issue a separate order setting a scheduling conference.

**IT IS SO ORDERED**.

DATE: January 6, 2026

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE